**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARLENE HUNT**<br>25 Belair Avenue<br>Maple Shade, NJ 08052<br>**Plaintiff,**<br>**v.** | : | Civil Case No. ____________ |
| **PINNACLE PHYSICIANS GROUP LLC**<br>339 E. Street Road<br>Trevose, PA 19053<br>**Defendant.** | : | ***JURY TRIAL DEMANDED*** |

**COMPLAINT – CIVIL ACTION**

Plaintiff Darlene Hunt ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant Pinnacle Physicians Group LLC ("Defendant"), alleges as follows:

**INTRODUCTION**

1. Plaintiff initiates this action contending Defendant violated the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* by failing to provide reasonable accommodation(s) to Plaintiff as well as by discriminating against Plaintiff and terminating her employment because of her actual and/or perceived disabilities, because of her record of impairment, and in retaliation for requesting/requiring reasonable accommodation(s).

2. Plaintiff further contends that Defendant violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* by interfering with Plaintiff's FMLA rights/benefits and by terminating Plaintiff's employment in retaliation for Plaintiff attempting to exercise her rights under the FMLA.

**PARTIES**

3. Plaintiff Darlene Hunt is a citizen of the United States and New Jersey, who currently resides at 25 Belair Avenue, Maple Shade, NJ 08052.

4. Upon information and belief, Defendant Pinnacle Physicians Group LLC is a Pennsylvania company, with a principal place of business located at 339 E Street Road, Feasterville-Trevose, PA 19053.

**JURISDICTION AND VENUE**

5. Paragraphs 1 through 4 are hereby incorporated by reference as though the same were fully set forth at length herein.

6. On or about September 3, 2025, Plaintiff filed a Charge of Discrimination ("Charge") against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e) and 43 P.S. § 959(a).

7. Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2025-09520 and was filed within one-hundred and eighty (180) days of the unlawful employment practice.

8. On July 16, 2026, the EEOC issued a Determination letter stating its "investigation established reasonable cause to believe that [Defendant] discriminated against [Plaintiff] by discharging her because of her disability and in retaliation for requesting time off as accommodation."

9. On or about September 2, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that he had ninety (90) days to file suit against Defendant.

10. One year has passed since Plaintiff filed her complaint(s) with the EEOC and PHRC (her dual-filed Charge), thereby entitling Plaintiff to bring her PHRA claims in court.

11. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

12. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintain this action.

13. This is an action authorized and instituted pursuant to the ADA, FMLA, and PHRA.

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

15. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as her federal claims.

16. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant does business in this judicial district and the unlawful practices of which Plaintiff is complaining were committed herein.

## FACTUAL BACKGROUND

17. Paragraphs 1 through 16 are hereby incorporated by reference as though the same were fully set forth at length herein.

18. Plaintiff began her employment with Defendant on or about January 31, 2022 as a Medical Assistant and Surgical Technician.

19. Plaintiff worked for Dr. Brad Millman ("Dr. Millman"), at Defendant's 1338 Bristol Pike, Suite #201, Bensalem, PA 19020 location.

20. On or about September 11, 2023, Plaintiff was involved in a car accident where she sustained several injuries, including but not limited to herniated discs, cervical and lumbar

radiculopathy, muscle spasms, thoracic and lumbar sprains, cervicalgia, radiating pain, and recurring headaches.

21. Plaintiff sought medical care to address her injuries and received various treatments, including but not limited to medication, chiropractic care, physical therapy, and diagnostic testing.

22. Plaintiff's injuries persisted, and in or around February 2025, Plaintiff began receiving surgical injections to treat her back injuries.

23. Plaintiff immediately informed Defendant of the car accident after it occurred and kept Defendant apprised of her medical status and appointments.

24. Plaintiff had to take time off work at various points to receive the aforementioned medical care and treatments.

25. Despite its knowledge of Plaintiff's ongoing medical issues and need for time off, Defendant did not engage in the ADA/PHRA interactive process, and Defendant did not notify Plaintiff of her FMLA rights and eligibility for intermittent FMLA leave.

26. On the contrary, when Plaintiff informed her manager, Michelle Rosta ("Ms. Rosta"), of her injection appointments, she griped that it was "a lot of injections."

27. From approximately February 27th through March 9, 2025, Plaintiff was very sick with COVID-19 and had to take several days off of work.

28. When Plaintiff consulted with her doctor via a telehealth appointment, he determined Plaintiff could not return to work until March 10, 2025.

29. Accordingly, Plaintiff provided a doctor's note to Ms. Rosta on or about March 4, 2025 confirming that she required off for medical reasons.

30. Plaintiff returned to work after her brief COVID leave on March 10, 2025 and worked her entire shift.

31. At the end of the day, however, Dr. Millman and Ms. Rosta unexpectedly pulled Plaintiff into a meeting and abruptly terminated her employment.

32. Ms. Rosta explained that Plaintiff had "too many call-outs" and Dr. Millman told Plaintiff that he did not care that Plaintiff had been sick and unable to work.

33. As noted above, Plaintiff's call-outs were due to the medical treatment she was receiving for her ongoing neck and back injuries as well as having contracted a serious COVID-19 infection.

34. In light of the foregoing, it is believed and therefore averred that Defendant failed to accommodate Plaintiff, failed to engage in the interactive process, and interfered with Plaintiff's FMLA rights/benefits, in violation of the ADA, FMLA, and PHRA.

35. It is further believed and averred that Defendant terminated Plaintiff's employment because of her actual and/or perceived disabilities, her record of disability/impairment, and her need for accommodations and FMLA leave, in violation of the ADA, FMLA, and PHRA.

36. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, wages, and benefits; Plaintiff has also suffered other economic damages, mental anguish, pain and suffering, emotional distress, humiliation, and damage to reputation and career.

## COUNT I
## AMERICANS WITH DISABILITIES ACT ("ADA")
## 42 U.S.C. § 12101, *et seq.*
## DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE

37. Paragraphs 1 through 36 are hereby incorporated by reference as though the same were fully set forth at length herein.

38. Plaintiff is a qualified individual with one or more disabilities within the meaning of the ADA.

39. Defendant was aware of Plaintiff's disability, record of impairment and disability, and/or regarded Plaintiff as being disabled within the meaning of the ADA.

40. Plaintiff requested and required reasonable accommodation(s) in connection with her disabilities

41. Defendant failed to reasonably accommodate Plaintiff and failed to engage in the interactive process.

42. Defendant terminated Plaintiff's employment because of her actual and/or perceived disabilities, because of her record of impairment/disability, and in retaliation for requesting/requiring reasonable accommodation(s).

43. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including but not limited to loss of employment, benefits, earnings and earnings potential as well as other economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation, damage to career, and damage to reputation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and compensatory damages in amounts to be determined at trial;

b) Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

c) Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e) Pre-judgment interest in an appropriate amount;

f) Such other and further relief as is just and equitable under the circumstances; and

g) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT II**
**FAMILY AND MEDICAL LEAVE ACT ("FMLA")**
**29 U.S.C. 2601, *et seq.***
**INTERFERENCE & RETALIATION**

44. Paragraphs 1 through 43 are hereby incorporated by reference, as though the same were fully set forth at length herein.

45. Upon information and belief, Defendant employed at least fifty (50) employees within the applicable seventy-five (75) mile radius for each working day in each of twenty (20) or more calendar days during the relevant time period.

46. Plaintiff was an eligible employee under the FMLA and was thus entitled to twelve (12) weeks of FMLA leave for her serious health condition(s).

47. Plaintiff provided adequate notice to Defendant of her need for intermittent FMLA leave by giving notice as soon as she became aware of the need and as soon as was practicable.

48. Defendant failed to advise Plaintiff of her eligibility for leave under the FMLA and failed to provide Plaintiff protected FMLA leave, despite having adequate notice of Plaintiff's serious health condition(s) and need for leave.

49. Defendant terminated Plaintiff for in retaliation for requiring FMLA-qualifying leave.

50. The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

51. As a result of Defendant's willful actions, Plaintiff has suffered loss of employment, earnings, raises, and benefits as well as other significant damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages and front pay in an amount to be determined at trial;

b) Liquidated damages in the maximum amount permitted;

c) Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

d) Pre-judgment interest in an appropriate amount;

e) Such other and further relief as is just and equitable under the circumstances; and

f) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT III**
**PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA")**
**43 P.S. § 951, *et seq.***
**DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE**

52. Paragraphs 1 through 51 are hereby incorporated by reference as though the same were fully set forth at length herein.

53. Plaintiff is a qualified individual with a disability and/or handicap within the meaning of the PHRA.

54. Plaintiff requested and required reasonable accommodation(s) in connection with her disability/handicap.

55. Defendant failed to reasonably accommodate Plaintiff and failed to engage in the interactive process.

56. Defendant violated the PHRA by discriminating and retaliating against Plaintiff and terminating her employment because of her actual and/or perceived disability/handicap, her record of disability/handicap, and her requests for and need for reasonable accommodation(s).

57. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings, and benefits as well as other economic damages, mental anguish, emotional distress, humiliation, and damage to reputation and career.

58. The conduct described above constitutes a violation of the PHRA and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and compensatory damages in amounts to be determined at trial;

b) Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

c) Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e) Pre-judgment interest in an appropriate amount; and

f) Such other and further relief as is just and equitable under the circumstances.

g) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

**Plaintiff hereby demands a trial by jury as to all issues so triable.**

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

Date: October 30, 2026

By: */s/ Jake Daniel Novelli, Esq.* ___
Jake Daniel Novelli, Esq.
1628 John F. Kennedy Blvd., Suite 2000
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jnovelli@phillyemploymentlawyer.com
*Counsel for Plaintiff*

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.